UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Basin Commerce, Inc.<br><br>Plaintiff,<br><br>v.<br><br>Celtic Marine Corporation,<br><br>Defendant. | Court File No. 18-cv-2574-PAM-BRT |

**MEMORANDUM IN SUPPORT OF
MOTION TO TRANSFER**

Celtic Marine Corporation ("Celtic Marine") respectfully submits this memorandum of law in support of its Motion to Transfer. Pursuant to 28 U.S.C. §1404(a), this action should be transferred, in its entirety, to the United States District Court for the Eastern District of Louisiana. The contract between the parties contains a mandatory forum selection provision which requires that all claims and disputes arising under, in connection with, or incident to that contract be filed in a federal court in the state of Louisiana. The contract also contains personal jurisdiction clauses in which Basin Commerce, Inc. ("Basin Commerce"), agreed to subject itself to jurisdiction in Louisiana and choice of law clauses allowing for the application of Louisiana law to disputes arising from the contract. The dispute in this action clearly arises under and is incident to that contract, and Basin Commerce did not object to the forum selection provision or the personal jurisdiction clause. This action simply should not have been filed in this Court, but rather in a federal

1

court in Louisiana. Basin Commerce's filing of its declaratory action in this court is a blatant attempt to thwart the application of the personal jurisdiction, choice of law, and mandatory forum selection clauses to which Basin Commerce agreed in its contract with Celtic Marine.

Further, related litigation, filed by Celtic Marine almost simultaneously with the filing of Basin Commerce's declaratory action, is pending in the United States District Court for the Eastern District of Louisiana. Basin Commerce's filing of this action, which occurred only after Celtic Marine informed Basin Commerce of its intent to file suit and sent Basin Commerce a courtesy copy of the complaint, attempts to deny Celtic Marine its choice of forum. In the interest of justice, this action should be transferred to the Eastern District of Louisiana to be combined and consolidated with that related litigation.

## BACKGROUND

Both the case pending before this Court and the case pending in the Eastern District of Louisiana arise out of an agreement between Basin Commerce and Celtic Marine related to services and barges to be provided to ship distillers dry grain. Basin Commerce entered into a contract with Celtic Marine entitled "2018 Spot Service Agreement – Contract #0422" ("the Agreement"), pursuant to which Celtic Marine agreed to provide, and Basin Commerce agreed to pay for, barges and barge transportation services for a minimum of 1,600 standard tons of distillers dry grain per barge from Winona, Minnesota, to New Orleans, Louisiana. Specifically, Celtic Marine agreed to provide two barges: MTC 852B,

to be put on placement the week of April 30, 2018, and MTC 691B, to be put on placement the week of May 7, 2018. Exact placement dates were to be worked out.[1]

The contract, signed by a representative of Celtic Marine, was sent to Basin Commerce on April 27, 2018.[2] The contract included the following provisions:

> **APPLICABLE LAW**: The parties to this Agreement hereby agree that this Agreement and all claims and disputes arising under, in connection with, or incident to this Agreement, shall be governed by and construed pursuant to the general maritime law of the United States or, in the event the choice of the general maritime law is deemed unenforceable, by the laws of the State of Louisiana, excluding any choice of law rule that may direct the application of the laws of any other state or country.
>
> **EXCLUSIVE JURISDICTION**: The parties to this Agreement hereby agree that all claims and disputes arising under, in connection with, or incident to this Agreement, shall be filed in a federal court in the State of Louisiana, to the exclusion of any other courts in any state or country. In the event the federal courts of Louisiana are deemed not to have subject matter jurisdiction, the parties agree that the aforementioned claims shall be filed in a state court of the State of Louisiana. Buyer hereby agrees to subject itself to personal jurisdiction in the federal and state courts in Louisiana for any claims or disputes arising hereunder and waives any objections it might otherwise have to personal jurisdiction and venue in the courts, federal or state, of Louisiana.
>
> …
>
> **NOTE**: This agreement without immediate written notice to Celtic Marine Corporation by fax or email, of error, or any shipment of cargo by Buyer, is acknowledgement of the acceptance of the terms and conditions contained herein.[3]

---

[1]     *See* Index of Exhibits ¶ 1, Exhibit A. (Declaration of Tim Klein ("Klein Decl.") ¶ 5, Ex. A-1 (redacted only as to price)).

[2]     *See* Index of Exhibits ¶ 1, Exhibit A. (Klein Decl. ¶ 6, Ex. A-2).

[3]     *See* Index of Exhibits ¶ 1, Exhibit A. (Klein Decl. ¶ 5, Ex. A-1 at 3).

Basin Commerce did not immediately inform Celtic Marine of any objection to the Agreement or the terms contained therein, as explicitly required by the Agreement. Further, Basin Commerce never informed Celtic Marine of any objection to the venue or personal jurisdiction provisions.

Pursuant to its obligations under the Agreement, Celtic Marine made arrangements with vendors to provide services related to the cargo, including, but not limited to, entering into an agreement with a carrier to provide covered hopper barges to carry the distillers dry grain. By mid-May 2018, the two barges had not been loaded. On May 16, 2018, Celtic Marine informed Basin Commerce that the carrier would be putting both barges on placement that day. Although representatives of Celtic Marine and Basin Commerce discussed cancelling the barges, Basin Commerce rejected this option due to the associated cancellation fees. Celtic Marine and Basin Commerce therefore agreed that MTC 852 would be taken off placement and rolled over to June. MTC 691 would remain on placement.[4] Celtic Marine sent an amendment to the Agreement entitled 2018 Spot Service Agreement Amendment I – Contract #0422 ("Amendment to Agreement") to Basin Commerce on May 18, 2018, which confirmed that MTC 852B would be rolled over to June and MTC 691B would remain on placement.[5] The Amendment to Agreement included the following language:

---

[4]   *See* Index of Exhibits ¶ 1, Exhibit A. (Klein Decl. ¶ 8, Ex. A-3) (redacted only as to price).

[5]   *See* Index of Exhibits ¶ 1, Exhibit A. (Klein Decl. ¶ 9, Ex. A-4).

>All other terms and conditions of this agreement remain as originally agreed upon. The confirmation without immediate notice to us, by fax, or error, is acknowledgment of the acceptance of the conditions of the confirmation. [6]

Basin Commerce did not immediately inform Celtic Marine of any objection to the Amendment to Agreement or the terms contained therein.

Neither barge had been loaded by the end of June 2018. Barge FJPN 205B, which replaced barge MTC 852B, was put on placement on June 30, 2018. Celtic Marine has requested payment from Basin Commerce in the amount of $45,800 in demurrage and cancellation fees. On August 29, 2018, Celtic Marine informed Basin Commerce that, if the matter was not settled by noon on September 4, 2018, Celtic Marine would file suit. Celtic Marine also sent Basin Commerce a courtesy copy of the complaint.[7] Basin Commerce did not respond, and Celtic Marine filed suit for breach of contract and detrimental reliance in the U.S. District Court for the Eastern District of Louisiana on September 4, 2018.[8] On the same day, Basin Commerce filed a declaratory action in this Court.

---

[6]   *Id.*

[7]   *See* Index of Exhibits ¶ 2, Exhibit B.

[8]   *See* Index of Exhibits ¶ 3, Exhibit C.

## **LAW AND ARGUMENT**

I. **THIS ACTION SHOULD BE TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA BECAUSE BASIN COMMERCE ENTERED INTO A MANDATORY FORUM SELECTION CLAUSE WHICH APPLIES TO THIS CASE.**

28 U.S.C. § 1404(a) governs the transfer of a civil action to another forum, and has also been applied in the context of maritime actions such as this one. *See* 15 Wright & Miller § 3817. Additionally, Section 1404 provides the proper mechanism for enforcing a forum selection clause. *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for the Western Dist. Of Texas*, 571 U.S. 49, 60 (2013). Section 1404(a) states that, "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court…where it might have been brought." Further, "a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." *Atlantic Marine*, 571 U.S. at 63 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988)).

Generally, the party bringing the motion to transfer bears the burden of proving that the transferee district, in this case the United States District Court for the Eastern District of Louisiana, is a more convenient forum for litigation of the action. *BuilderTrend Solutions, Inc. v. VBConversions, LLC*, 2017 WL 6017507 at *6 (D. Neb. Oct. 14, 2017). However, when the parties have contractually agreed to litigate in a particular forum, "the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id.* (quoting *Atlantic Marine*, 571 U.S. at 579).

A forum selection clause which exclusively selects a jurisdiction in which to bring disputes must be enforced, unless it is unjust, unreasonable, or invalid for reasons such as fraud or overreaching, or unless enforcing the clause would actually deprive the opposing party of its fair day in court. *M.B. Restaurants, Inc. v. CKE Restaurants, Inc.*, 183 F.3d 750, 752 (8th Cir. 1999). In this case, Basin Commerce cannot meet the high burden of showing that the forum selection clause is unenforceable. There is no evidence that Basin Commerce's agreement to the inclusion of the forum selection clause was obtained by fraud or duress. Basin Commerce is a corporate entity, not an individual. It does business in Louisiana and made a decision to enter into an agreement with a Louisiana corporation. The contract embodying the parties' agreement contained a clear and well-marked forum selection clause, to which Basin Commerce did not object. Further, Basin Commerce would not be deprived of its day in court in the Eastern District of Louisiana. There is related litigation pending in the Eastern District of Louisiana, and no evidence that that court would unfairly or ineffectively handle the suit.

Additionally, any failure by Basin Commerce to physically sign the Agreement does not render the forum selection clause invalid. The chief consideration in determining the validity of contract terms is "whether the party to be bound had reasonable notice of the terms at issue and whether the party manifested assent to those terms." *One Beacon Ins. Co. v. Crowley Marine Services, Inc.*, 648 F.3d 258, 269 (5th Cir. 2011); *see also Highlander Golf, Inc. v. Wal-Mart Stores, Inc.*, 115 F. Supp. 2d 1157, 1160 (D.S.D. 2000). Here, Basin Commerce was sent a copy of the Agreement and the Amendment to the

Agreement.[9] It did not immediately object to either document or the terms contained therein, and never informed Celtic Marine of an objection to the forum selection clause or the personal jurisdiction provision. Basin Commerce also continued to communicate with Celtic Marine regarding the transport of distillers dry grain, with the effect that Celtic Marine, in reliance on Basin Commerce's representations, made arrangements for the transport of the cargo.[10] Basin Commerce thereby assented to the Agreement and the forum selection clause contained therein.

In sum, the contract between Basin Commerce and Celtic Marine governs the disputes between the parties, as it governs the details and responsibilities of both parties in relation to Celtic Marine's arrangement of transportation of cargo for Basin Commerce. The contract contains a mandatory forum selection clause requiring that any claims and disputes be filed in a federal court in Louisiana. By filing this action in this court, Basin Commerce has violated the **exclusive** forum selection clauses. Celtic Marine respectfully requests that this action be transferred to the parties' contractually agreed forum of choice, federal court in Louisiana.

## II. THE §1404(a) FACTORS WEIGH IN FAVOR OF TRANSFER TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA.

In a motion to transfer based on Section 1404(a), the court may consider the convenience of the parties, the convenience of witnesses, and the interests of justice in

---

[9]     *See* Index of Exhibits ¶ 1, Exhibit A. (Klein Decl. ¶ 6, Ex. A-2).

[10]     *See* Index of Exhibits ¶ 1, Exhibit A. (Klein Decl. ¶ 8, Ex. A-3) (redacted only as to price).

determining whether to transfer a case. *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 696 (8th Cir. 1997). Here, not only does the existence of a forum selection clause weigh in favor of transfer to the United States District Court for the Eastern District of Louisiana, the convenience of the parties and the interests of justice factors also weigh heavily in favor of transferring this litigation to the Eastern District of Louisiana.

**a. Convenience of the Parties and Witnesses**

The United States Supreme Court has stated that a forum selection clause "represents the parties' agreement as to the most proper forum." *Stewart*, 487 U.S. at 31. Basin Commerce and Celtic Marine agreed that any disputes between them must be brought in federal court in Louisiana, as reflected in the Agreement. As they have already agreed to litigate their disputes in federal court in Louisiana, that forum is the most convenient to the parties. *See id.* Further, representatives of Celtic Marine involved in negotiating the Agreement and Amendment to Agreement with Basin Commerce and with knowledge of the actions Celtic Marine took in reliance on the Agreement with Basin Commerce are located in Louisiana. Also, Basin Commerce does business in Louisiana and made the decision in this case to enter into a contract with a Louisiana corporation. Thus, the convenience factor weighs in favor of transfer to the Eastern District of Louisiana.

**b. Interests of Justice**

In determining whether the interests of justice require the transfer of a case, courts consider factors including, *inter alia*, judicial economy, conflict of law issues, and the advantages of having a local court determine questions of local law. *See Terra Int'l*, 119

F.3d at 696. A significant factor requiring transfer of this litigation to the Eastern District of Louisiana is related litigation pending in that court. On the same day that Basin Commerce filed the instant declaratory action in this Court, Celtic Marine filed suit against Basin Commerce in the Eastern District of Louisiana. The issues in the actions are precisely the same, i.e. whether Basin Commerce breached the Agreement and is liable to Celtic Marine for demurrage and cancellation fees. Judicial economy mandates that the cases be tried together; the forum selection clause and the convenience of witnesses and parties require that they be tried in the Eastern District of Louisiana.

Potential conflict of laws issues also favor Louisiana courts. As mentioned above, the Agreement between Celtic Marine and Basin Commerce is governed by general maritime law. However, in the event general maritime law is deemed unenforceable, the Agreement is governed by the laws of the State of Louisiana.[11] Given the potential for the application of Louisiana law to the parties' dispute, the interests of justice favor a Louisiana court as the forum for the dispute.

Further, the question of which party filed its action first should have no bearing on this Court's decision on whether to transfer this case. Although the first-filed rule generally gives venue prior to the party who first filed suit, courts must apply the rule "in a manner best serving the interests of justice." *Northwest Airlines, Inc. v. American Airlines, Inc.*, 989 F.2d 1002, 1005 (8th Cir. 1993). A court should not apply the first-filed rule when certain "red flags" are present, i.e. when the "first" suit is filed after the other party gave

---

[11] *See* Index of Exhibits ¶ 1, Exhibit A. (Klein Decl. ¶ 5, Ex. A-1 at 3).

notice of its intention to sue, and when the "first" action is for declaratory judgment rather than for damages or equitable relief. *Id.* at 1007.  Here, Celtic Marine sent Basin Commerce a courtesy copy of its complaint on August 29, 2018, and informed Basin Commerce that Celtic Marine would file the complaint if the matter was not amicably resolved by noon on September 4, 2018.[12] Celtic Marine received no response of any kind from Basin Commerce before noon on September 4, and filed the same complaint that was sent to Basin Commerce shortly after noon on September 4.[13] Thereafter, Celtic received a copy of the complaint filed by Basin Commerce, which was filed the same day as the complaint filed by Celtic Marine. Basin Commerce's complaint is clearly a declaratory action "used defensively to deny a prospective plaintiff's choice of forums." *Id.* In this situation, the first-filed rule has no place, even if Basin Commerce filed its declaratory action before Celtic Marine filed its complaint. Accordingly, the interests of justice, in addition to the convenience of witnesses and parties and the existence of a valid forum selection clause require this action to be transferred to the Eastern District of Louisiana.

## **CONCLUSION**

Basin Commerce should not be allowed to thwart the provisions of the Agreement with Celtic Marine. There are exclusive provisions in the Agreement mandating the filing of any claims and disputes in Louisiana, disputes which are already pending in the Eastern District of Louisiana. For all of the foregoing reasons, Celtic Marine respectfully requests

---

[12]    *See* Index of Exhibits ¶ 2, Exhibit B.

[13]    *See* Index of Exhibits ¶ 3, Exhibit C.

that this Honorable Court transfer this action to the United States District Court for the Eastern District of Louisiana, where the parties agreed to litigate all disputes between them, and where related litigation is already pending.

Dated: September 26, 2018            /S/ VINCE C. REUTER

                                              Robin D. Cassedy (La. Bar No. 36408)
                                                  *-Pro Hac Vice (Admission Pending)*
                                              KING & JURGENS, LLC
                                              201 St. Charles Avenue, 45th Floor
                                              New Orleans, Louisiana 70170
                                              rcassedy@kingjurgens.com
                                              (504) 582-3800

                                              Daniel J. Cragg, Esq. (#389888)
                                              Vince C. Reuter, Esq. (#390874)
                                              ECKLAND & BLANDO LLP
                                              800 Lumber Exchange Building
                                              10 South Fifth Street
                                              Minneapolis, Minnesota 55402
                                              dcragg@ecklandblando.com
                                              vreuter@ecklandblando.com
                                              (612) 236-0160

                                              *Counsel for Celtic Marine Corporation*