IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Basin Commerce, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Celtic Marine Corporation, <br><br> Defendant. | Case No. 18-cv-2574-PAM-BRT <br><br> **PLAINTIFF'S COUNSEL'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO WITHDRAW** |

Plaintiff's undersigned counsel has moved the Court for an Order permitting Chestnut Cambronne PA to withdraw as attorneys as provided by LR 83.7(c). Plaintiff and Defendant have been served with the Notice of Motion and Motion, this Memorandum, the proposed order and the Declaration of Wynn Curtiss (the "Declaration").

Pursuant to District of Minnesota Local Rule 83.7(c), withdrawal of counsel in the absence of substitute counsel may only be allowed upon a motion and a showing of "good cause." "What constitutes 'good cause' for the withdrawal of counsel, without substitution, cannot be readily defined, or categorized, but must be evaluated on a case-by-case basis, and determined by examining the reasons proffered for the asserted need to withdraw." *Cabo Holdings, LLC v. Englehart,* No. 07-cv-3524 (PJS/RLE), 2008 WL 4831757, at *4 (D. Minn. Nov. 3, 2008) (citing *Spearman v. Salminen,* 379 N.W.2d 627, 632 (Minn. Ct. App. 1986). Good cause has been found "where counsel cannot adequately represent the client without traversing the governing Rules of Professional

1

Conduct, or where a degree of fractiousness, between the client and counsel, has developed which inhibits 'the just, speedy, and inexpensive determination of [the] action.'" *Cabo at \*4.* Good cause for withdrawal has been found "where there has been a 'complete breakdown in the attorney-client relationship.' " *BBY Solutions v. Karreman*, No. 10-cv-4726 (MJD/TNL), 2012 WL 12897874, at \*1 (D. Minn. Oct. 12, 2012) (quoting *Luiken v. Domino's Pizza, LLC*, No. 09-cv-516 (DWF/AJB), 2009 WL 4723296, at \*3 (D. Minn. Dec. 2, 2009)). And, "an assertion of irreconcilable differences may be sufficient to support a withdrawal of counsel." *Catamount Radiology, P.C. v. Bailey*, No. 1:14-cv-213, 2015 WL 4771592, at \*1 (D. Vt. Aug. 12, 2015).

As set forth in the Declaration, the working relationship between Plaintiff has become untenable. Plaintiff has repeatedly failed to timely communicate, has unreasonably modified its settlement position and strategy, has unknowingly engaged in communications with Defendant that were not shared with Plaintiff's own counsel, has misstated the status of those communications and has repeatedly failed and refused to execute an engagement agreement or pay the fees and costs incurred by Plaintiff's counsel. Further, Plaintiff's representative is not the original client contact, having assumed control of Plaintiff after a change of ownership and management. The necessary trust between counsel and client is gone and the client, and the Court, would be better served if Plaintiff had new counsel free of such issues.

"In addressing motions to withdraw as counsel, district courts have typically considered whether 'the prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel." *Whiting v. Lacara*, 187 F.3d 317, 320–21 (2nd Cir.1999),

quoting *Brown v. National Survival Games, Inc.,* 1994 WL 660533 at *3 (N.D.N.Y., November 18, 1994); see also, *Vachula v. General Electric Capital Corp.,* 199 F.R.D. 454, 458 (D.Conn.2000).

Most of the tasks remaining in the case are not due to occur for months. Plaintiff has ample opportunity to obtain substitute counsel without disrupting the process of the litigation.

For the reasons set forth in the Declaration, counsel for Plaintiff respectfully requests that the Court grant the motion to withdraw.

Dated:  May 2, 2019                      Respectfully submitted,

                                               **CHESTNUT CAMBRONNE PA**

                                               By /s/  Wynn Curtiss
                                               Wynn Curtiss (No. 019282x)
                                               Brian N. Toder  (No. 17869X)
                                               Karl Cambronne (No.14321)
                                               17 Washington Avenue N. #300
                                               Minneapolis, MN 55401
                                               (612) 339-7300
                                               Fax (612)336-2940

                                               **ATTORNEYS FOR PLAINTIFF**