**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| Basin Commerce, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Celtic Marine Corporation, <br><br> Defendant. | Case No. 18-cv-2574-PAM-BRT <br><br> **DECLARATION OF** <br> **WYNN CURTISS** |

Wynn Curtiss declares as follows:

1. I am one of the attorneys for Plaintiff above-named, and this is my declaration.

2. This Declaration is offered in support of Chestnut Cambronne PA's motion to withdraw as Plaintiff's counsel.

3. When Plaintiff initially engaged the offices of your Declarant, our office had no previous relationship with Plaintiff, which was referred to our office by a long-time friend and colleague of your Declarant. For the first three months of our representation, Plaintiff's management was responsive and engaged in providing information and making decisions related to the matter.

4. Approximately three months into our representation of Plaintiff, Plaintiff's ownership and management changed and the individual who had been our contact with Plaintiff was no longer employed by Plaintiff.

5. Immediately after the change in management, communication with Plaintiff became more difficult as Plaintiff was less responsive to requests for communication and

information and guidance regarding the litigation. In addition, contrary to the prior management's position regarding settlement, Plaintiff's new management initially withdrew all authority to make any settlement offer.

6. In mid-December 2018, shortly after Plaintiff's new management took control, your Declarant again sought settlement authority in anticipation of upcoming meetings with Defendant's counsel and the Court. Plaintiff provided no response for more than two weeks, and when Plaintiff finally did respond, Plaintiff erroneously claimed that it had granted settlement authority, directly contrary to its prior direction withdrawing all authority.

7. In early January 2019, your Declarant informed Plaintiff's new management that Plaintiff's prior management had neglected to execute the engagement agreement with our firm. Since that time, your Declarant has repeatedly requested that Plaintiff execute the agreement and Plaintiff has repeatedly acknowledged the request but has continued to fail and refuse to do so.

8. On March 13, 2018, Plaintiff informed your Declarant that he had, without any prior disclosure or discussion with our firm, met with Defendant's owner. Plaintiff stated that he believed they had reached a settlement of this matter and it would be concluded within two weeks. Your Declarant heard nothing more about the settlement until Defendant's counsel contacted him April 1, 2019, indicating that he had seen an email from Plaintiff suggesting that settlement discussions be deferred until September 2019, when mediation is scheduled. Your Declarant was unaware of these further discussions or

that Plaintiff was having communication with Defendant that Defendant's counsel had knowledge of, but we did not.

9. Having received this information from Defendant's counsel, your Declarant reached out to Plaintiff and indicated that our office intended to withdraw as counsel given Plaintiff's failure to notify our office of his actions and Plaintiff's continuing refusal to sign the engagement agreement and to pay our firm's fees. Despite your Declarant's warning of our intent to withdraw, we received no response of any type from Plaintiff.

10. The attorney-client relationship has completely broken down. Plaintiff communicates with your Declarant irregularly and belatedly, excludes your Declarant from his litigation plans and settlement discussions, refuses to execute your Declarant's engagement agreement and refuses to pay your Declarant's fees.

11. Discovery and non-dispositive motions are not due until September 1, 2019, dispositive motions are not due until November 1, 2019, and trial is not scheduled until January 2020. Although initial disclosures are due May 1, 2019, it would be preferable for Plaintiff's new counsel to provide what he or she believes is relevant and necessary rather than have your Declarant do so under the circumstances. Given the Scheduling Order, Plaintiff would have ample time to secure other counsel and meet these deadlines, assuming Plaintiff is interested in doing do. The case is not overly complicated, a fact Plaintiff's representative has made to your Declarant on more than one occasion. Plaintiff's file at the office of your Declarant, in its entirety, will be immediately turned over to Plaintiff if the Court grants the motion to withdraw. Your Declarant will co-

operate fully with whomever Plaintiff engages. Accordingly, withdrawal will be accomplished without material adverse effect on Plaintiff's interests.

12. Your Declarant contacted counsel for Defendant, Vince C. Reuter, who indicated Defendant does not oppose the motion to withdraw.

I declare under penalty of perjury under the laws of the United States of America, particularly 28 U.S.C. § 1746, that the foregoing is true and correct and that this Declaration was executed on the 2nd day of May, 2019, in Minneapolis, Minnesota.

/s/ Wynn Curtiss
Wynn Curtiss