UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Basin Commerce, Inc.                                      Civ. No. 18-2574 (PAM/BRT)

          Plaintiff,

v.                                                        **MEMORANDUM AND ORDER**

Celtic Marine Corporation,

          Defendant.

---

This matter is before the Court on Defendant's Motion for Default Money Judgment and to Dismiss. For the following reasons, the Motion is granted.

The facts of this matter are more fully set forth in the Court's Order on the Motion to Transfer Venue (Docket No. 30). Briefly, the parties dispute whether they entered into a contract for barges to ship distillers dry grain from Minnesota to a facility in Louisiana, where Defendant Celtic Marine Corporation is located. In its Complaint, Plaintiff Basin Commerce, Inc., seeks a declaration that the parties had no contract and that it owes Celtic Marine nothing. Celtic filed counterclaims for breach of contract and promissory estoppel/detrimental reliance. (Docket No. 37.) Celtic claimed that Basin owed it nearly $50,000 in cancellation and other fees.

Although discovery was to begin in January 2019, Basin apparently refused to engage in any discovery. In May 2019, the attorneys representing Basin moved to withdraw. Magistrate Judge Becky R. Thorson granted the Motion after a hearing, at which she warned Basin that it must retain counsel in order to prosecute its claims. See Ackra

Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 857 (8th Cir. 1996) ("[T]he law does not allow a corporation to proceed pro se.")  She ordered Basin to retain counsel by June 21, 2019, or risk dismissal of its claims for failure to prosecute.  (Docket No. 51.)

On June 24, 2019, Celtic requested that the Clerk's Office enter default against Basin.  The Clerk's Office declined to enter default judgment, and this Motion followed.  In the Motion, Celtic seeks a money judgment of $94,094.64, which includes damages under the disputed contract, attorney's fees, costs, and interest.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  Here, Basin has refused to retain counsel and has refused to prosecute its case.  A corporation that refuses to obtain counsel is technically in default as of the date it is pro se.  Ackra, 86 F.3d at 857.  Moreover, Celtic raised claims for affirmative relief against Basin, and Basin has failed to defend those claims.  "Default judgment for failure to defend is appropriate when the party's conduct includes 'willful violations of court rules, contumacious conduct, or intentional delays.'"  Id. at 856 (quoting United States v. Harre, 983 F.2d 128, 130 (8th Cir. 1993)).  All of these apply to Basin, and thus default is an appropriate remedy.

Celtic has established its damages to a reasonable degree of certainty, and it is entitled to a money judgment under Rule 55(a).  Celtic's supporting papers describe the expenditures Celtic was forced to make as a result of Basin's actions here, totaling $52,024.  In addition, damages under the parties' contract include attorney's fees and costs.  The attorney's fees and costs Celtic incurred are explained and set forth clearly in the affidavit

of Celtic's attorney. (Docket No. 58.) Celtic paid its attorneys $25,450, and incurred costs of $3,951.87. The contract requires payment of interest, and Celtic avers that admiralty law also requires prejudgment interest. Contractual interest amounts to $8,466.37, and prejudgment interest is $5,202.40. As noted, the total amount of damages Celtic seeks is $94,094.64, and it has established entitlement to that amount.

In the alternative, a judgment of dismissal for failure to prosecute is appropriate. Basin has refused to prosecute its case, it has ignored Court orders, and it has failed to appear at hearings regarding its claims. Fed. R. Civ. P. 41(b). A dismissal for failure to prosecute is warranted.

Accordingly, **IT IS HEREBY ORDERED that**

1. Defendant Celtic Marine Corp.'s Motion for Default Money Judgment (Docket No. 54) is **GRANTED**;

2. The Clerk of Court is **DIRECTED** to enter judgment in the amount of $94,094.64 in favor of Defendant Celtic Marine Corp. and against Plaintiff Basin Commerce, Inc.; and

3. This matter is **DISMISSED with prejudice** for failure to prosecute.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 9, 2019
*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge